Mateo, Lorenza, Fermina and Petronila Montañez, Guillermo Morales, Francisco Coto, Sabás Donis, Jesús Morales and Rafael Rivera, Appellants, v. Registrar of Caguas, Respondent.

No. 624. Submitted November 21, 1925.—Decided December 11, 1925.

Record of Title—Proof of Marriage—Evidence—Parish Registry.—A certificate transcribing the record of a marriage performed in 1870 issued by the keeper of the books of the parish under the parochial seal is sufficient proof of the marriage, and it is not necessary that the certificate be sworn to by the said keeper or that his signature be authenticated by any public official.

Registry of Property of Caguas, Marques, R. Decision refusing to record deeds. *Reversed.*

*Rafael Arce* for the appellants. The registrar appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

The question in this administrative appeal is whether a certificate issued in 1925 by the priest in charge of a Catholic parish of this Island under the parochial seal and containing a transcript of the record of a marriage performed in the year 1870 as it appears in the marriage record of the said parish is sufficient to prove the marriage, or whether, as the registrar understands, that document should be sworn to, or the signature be authenticated by an official authorized by law to authenticate documents, inasmuch as the registrar of property has no judicial knowledge of the signatures of the Catholic priests who have custody of the parish records of marriages performed before the civil registry was established in this Island.

The registry concerning the civil status of persons in this Island was in charge of the priests of the churches until January of 1885 when the Civil Registry Law went into effect and those priests were public functionaries attached to the State. *Iturrino* v. *Iturrino,* 24 P.R.R. 439. In these parishes books for the record of births, marriages and deaths were kept and had the character of public documents, as held in the case of *Ex parte Otero et al.* v. *Striker,* 27 P.R.R. 315. Therefore, as those parish books have the character of public documents, the entries in them may be proved, according to section 70 of the Law of Evidence, by the original record or a copy thereof certified to by the keeper of the registry, and it is not necessary that the priest in charge of the books should swear to the truth of their contents, nor that his signature should be authenticated by a public functionary, for those certificates are *prima facie* sufficient in themselves. So, in the case of *Tardi* v. *Tardi,* 30 P.R.R. 209, certain facts were held proved by documents like the one herein involved; and in *García* v. *Aguayo,* 32 P.R.R. 392, in which a certificate from the parish books was presented to prove a marriage, it was said that the entries in the parish books have the condition of origi-

nals and that the official in whose custody they are may validly issue certified copies.

For the foregoing reasons the registrar should have given credit to the certificate submitted to him and should have recorded the deed declaratory of property and assignment of rights presented to him, as well as the other deed of purchase and sale and of gift which he did not record because the prior deed was not recorded, wherefore the decision appealed from should be reversed and the records ordered.

Mr. Justice Wolf took no part in the decision of this case.